Gaston, Judge.
 

 The
 
 intention
 
 of the testator to extend the emancipation directed by his will to such of his negroes as should come into being before his youngest child should arrive at age, admits, we think, of no doubt. After directing that his negro woman Pender should have her liberty immediately, he proceeds thus: “ my will and desire is, that all the rest of my black people should serve until my youngest child should be of the age of twenty-one, for the use of raising my children and young negroes — after my youngest child should be of age, my will is, that all my negroes should have their freedom and liberty. To ascertain his intention, it is not unimportant to consider that the declared motive for deferring emancipation, is the need of the services of the negroes as a fund for temporary purposes, and it is reasonable to infer, that he desired the emancipation to be as extensive and complete as was consistent with this necessity. But the language of the will is sufficiently explicit. The direction that “ all the rest of my black people shall serve until my youngest child shall arrive at twenty-one,” certainly applies not only to those in being at his death, but such of their increase as should be bom after his death, and before the child’s arrival at age. As
 
 these
 
 became capable of labour, they were to form a part of the stock to be thus employed; and no doubt can be entertained of the duty of the executors under this clause, to appropriate that labour to the purposes directed. These are <( for the use of raising my children and
 
 *111
 
 young negroes.” As little doubt can be entertained that the young negroes born after the testator’s death were
 
 here
 
 contemplated. These, in truth, were the most expensive,, and most required the aid of this fund. If these then were embraced within the words “ my black people” in the first part of the sentence, and also within the words “my young negroes” in the subsequent part of it referred to, they were certainly comprehended within the words “ all my negroes,” in the last part of the sentence.
 

 The intention of the testator to emancipate being clear, the next enquiry is, whether he had authority to emancipate them. This, we think, must depend on his power over the original stock of which they are the increase. Wherever there is a capacity to dispose of any thing, unless there be some special restriction, there is a capacity to make the same disposition of its accruing profits. There is a difference, we understand, in the laws of the different States of this Union, upon the question what becomes of the increase of slaves under a limitation whereby a temporary ownership or use is granted to one, and the future and absolute dominion given over to another. With us, and as we believe in Virginia, and in most of the slave holding States, the increase are appurtenant to the stock, and go over with it to the remainderman — in others, they are regarded as profits, which, without a disposition to the contrary, belong to the temporary owner or usufructuary. But the laws of all permit a limitation to be made, which shall carry them, with the original stock, to the ultimate proprietor.
 

 The law of Virginia allows emancipation by will; and it is conceded that the emancipation directed in this will, with respect to the original stock, is sanctioned- by that law — either as an immediate emancipation with a condition of a short temporary service, or as an emancipation to take effect after that temporary service. If it be the former, the claim of the plaintiff to freedom is necessarily complete. But if it be the latter, then she claims freedom, not as her
 
 birth-right,
 
 but as a
 
 gift,
 
 from her owner. She was in law his property, as an incident to, and fruit of, the property which he held
 
 *112
 
 in her mother — and he, by law, had a right to emancipate
 
 her
 
 with her mother-
 

 We have examined with attention all the Yirginia decisjong which have been referred to on both sides in the argument; ' but do not feel ourselves competent to remove the discrepancies between them, if such there be; or to deduce from them the full law on this subject. Of this, however, we are fully persuaded that, according to
 
 all
 
 of them, in a case where there is a plain declaration that the issue, as well as the original stock, shall be set free, it is as effectual to emancipate the increase, as to emancipate the parents. We see no error in the judgment rendered below. It must therefore be affirmed.
 

 Per Curiam. Judgment affirmed.